UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-20454
Summary Calendar
_____


JOHN W. WINSLOW,

                              Plaintiff - Appellant,

                     versus

CHARLES SMITH; LINDA PATTERSON; S. O. WOODS; JOHN DOE; M.
COUNTZ, Warden; R. BELANGER, Asst. Warden; R. JONES, Asst.
Warden; L. HEUSZEL, Asst. Warden; G. PIERSON, Asst. Warden; H.
TERRY, Asst. Warden; R. HEINSOHN; M. HARDING; D. SINGLETARY;
M. DIXON; K. BROOKS; D. FASSETT; C. CHILES; J. BLOODGOOD,

                              Defendants - Appellees.

_____

Appeal from the United States District Court for the
Southern District of Texas
(CA-H-94-1777)
_____

August 22, 1996

Before DAVIS, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Appellant John Winslow appeals from the dismissal of his §

1983 claim as frivolous under 28 U.S.C. § 1915(d).  We vacate the

dismissal and remand to the district court.

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in Local Rule 47.5.4.

Winslow, a prison inmate, filed this pro se civil rights claim against several members of the Texas Department of Criminal Justice-Institutional Division alleging violation of his First Amendment rights. Winslow alleges that certain incoming mail items have been illegally censored. Specifically, in his complaint Winslow alleged that he was denied: a folder from Midac Corp., a catalog of chromatography supplies, and a catalog from Publications Pharmacia Biotechnology. In response to the district court's order for a more definite statement, Winslow explained that prison officials excluded the materials on the ground that they contained either chemical formulas or information regarding the manufacture of explosives, weapons, or drugs. Winslow, however, contends that he has received material from the companies previously and that they list supplies that can be used in genetics and biological research. Furthermore, he denies that the catalogs contain chemical formulas. Additionally, Winslow identified other items denied to him including: a catalog from Tucker Electronic, material from Global Tech International, a video cassette listing used electronic equipment, a pen from Computer World, a folder from Marietta Spectrum Chemical and Safety Products, a data base programming and design publication, and a poster.

The district court determined that Winslow's complaint had no arguable basis in law and dismissed it as frivolous under 28 U.S.C. § 1915(d) prior to service on the defendants. The district court stated that the prison's interests in maintaining order and

2

security were implicated, that the prison regulations were reasonably related to legitimate penological interests, and that the pleadings did not show arbitrary or capricious action by prison officials. Winslow appealed.

We review a § 1915(d) dismissal for an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33-35 (1992).

It is well-settled that prisoners retain only those First Amendment rights of speech that are consistent with their status as prisoners or with the legitimate penological objectives of the prison. Hudson v. Palmer, 468 U.S. 517, 523 (1984). Regulations affecting the sending of publications to prisoners are scrutinized under the reasonableness standard of Turner v. Safley, 482 U.S. 78, 89-91 (1987). The proper inquiry is whether the regulations are reasonably related to legitimate penological interest. Thornburgh v. Abbott, 109 S. Ct. 1874, 1877 (1989) (quoting Turner).

Applying this standard, we are not convinced on this record that the exclusion of all of the items at issue was necessitated by security considerations. See Turner v. 5 Unknown Members, No. 93-2726 (5th Cir. Apr. 13, 1994) (unpublished) (holding first amendment challenge to ban on college directory did not lack arguable basis in law or fact); Mann v. Smith, 796 F.2d 79, 82-83 (5th Cir. 1986) (holding ban on newspapers and magazines represented an exaggerated response to legitimate security needs). Because the defendants have not been served, they have not asserted that exclusion of all of the materials was essential to maintain

3

institutional security. We conclude that the district court prematurely dismissed the claim as frivolous. Consequently, we VACATE the dismissal and REMAND to the district court to develop whether the prohibition of the materials served a legitimate penological interest.